Justice Thomas,
concurring.
I join the plurality’s opinion holding that Congress did not validly abrogate the States’ immunity from suit for money damages for violations of the self-care provision of the Family and Medical Leave Act of 1993 (FMLA), 29 U. S. C. § 2612(a)(1)(D). As the plurality explains, this case is distinguishable from Nevada Dept. of Human Resources v. Hibbs, 538 U. S. 721 (2003), which held that Congress validly abrogated the States’ immunity from suit for violations of the FMLA’s family-care provision, § 2612(a)(1)(C). Ante, at 37. I write separately only to reiterate my view that Hibbs was wrongly decided because the family-care provision is not sufficiently linked to a demonstrated pattern of unconstitutional discrimination by the States. See 538 U. S., at 745-754 (Kennedy, J., joined by Scalia and Thomas, JJ., dissenting); Tennessee v. Lane, 541 U. S. 509, 565-566 (2004) (Thomas, J., dissenting). The self-care provision at issue in this ease is even further removed from any such pattern.